## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DELAWARE HUMAN AND CIVIL RIGHTS COMMISSION, | ) ) ) | |
| Plaintiff *ex rel.*, | ) ) | |
| GABRIELLE MILLAR, | ) ) | |
| Relator, | ) ) | C.A. No. N24C-02-153 EMD |
| v. | ) ) | |
| GREENBRIER CONDOS, L.L.C. and DELAWARE PROPERTY MANAGEMENT, L.L.C., | ) ) ) ) | |
| Defendants. | ) ) | |

Submitted: September 11, 2024
Decided: December 10, 2024

*Upon Consideration of*
*Defendants' Motion to Dismiss Plaintiff's Complaint*
**DENIED**

Kemba S. Lydia-Moore, Esquire, DAG, Delaware Department of Justice, Wilmington, Delaware. *Attorney for Plaintiff Delaware Human and Civil Rights Commission.*

Donald L. Gouge, Jr., Esquire, Donald J. Gouge, Jr., LLC, Wilmington, Delaware. *Attorney for Defendants Greenbrier Condos, L.L.C. and Delaware Property Management Company, L.L.C.*

**DAVIS, J.**

## I. INTRODUCTION

This is a civil discrimination action under the Delaware Fair Housing Act ("DFHA").[1]

Plaintiff Delaware Human and Civil Rights Commission (the "Commission") filed a complaint

(as subsequently amended, the "Amended Complaint"),[2] alleging that Defendants Greenbrier

---

[1] 6 Del. C. §§ 4600 *et seq.*
[2] D.I. No. 5 (hereinafter "Am. Compl.").

Condos, L.L.C. ("Greenbrier Condos") and Delaware Property Management, L.L.C. ("DPM" and with Greenbrier Condos, "Defendants") discriminated against Relator Gabrielle Millar. The Commission contends that Greenbrier Condos and DPM made housing unavailable to Ms. Millar due to Ms. Millar's disability.

The Amended Complaint contains three claims under the DFHA. The Commission alleges that Defendants violated Section 4603(b)(1) ("Count I") and Section 4603(b)(2) ("Count II") of the DFHA[3] by refusing to rent to Ms. Millar.[4] In addition, the Commission maintains that Defendants failed to accommodate Ms. Millar's request for reasonable accommodations in violation of Section 4603A(a)(2) ("Count III").[5]

On April 15, 2024, Defendants moved to dismiss the Amended Complaint (the "Motion").[6] Defendants argue that (i) the Amended Complaint should be dismissed because the Attorney General failed to pursue this civil action within the deadline proscribed by the applicable statute; and (ii) Counts I and III should be dismissed as the Commission has not been charged by the Division of Human and Civil Rights (the "Division") to pursue those claims under DFHA.[7]

On May 14, 2024, the Court denied, in part, the Motion on the issue of whether the Attorney General timely filed this civil action. The Court reserved, pending additional argument, on the issue of whether the Commission had standing to pursue Counts I and III. The Court reserved final decision because the remaining issue appears to be a question of first impression. The Court, therefore, sought further argument from the parties.

The Court held an additional hearing on September 11, 2024. At the conclusion of the

---

[3] Unless otherwise indicated, references to "Section ___" will mean a reference to a section of the DFHA.
[4] Am. Compl. ¶¶ 51-55.
[5] *Id*. ¶¶ 56-59.
[6] Defs. Mot. to Dismiss (hereinafter "Mot.") (D.I. No. 11).
[7] *See generally id.*

2

hearing, the Court took the Motion under advisement. For the reasons stated below, the Court **DENIES** the Motion on the issue of whether Counts I and III should be dismissed as exceeding the scope of the Commission's charge.

## II. RELEVANT FACTS

### A. THE PARTIES

#### 1. *Plaintiffs*

The Commission is an agency of the State of Delaware. Delaware law charges the Commission with administering the DFHA.[8]

Ms. Millar is a Delaware resident who "did not have a permanent residence and fluctuated between living at her friend's and mother's homes."[9] Ms. Millar is a disabled person.[10] Ms. Millar has an emotional support animal ("ESA") and preferred to lease a first-floor apartment because she has difficulty walking.[11]

#### 2. *Defendants*

Greenbrier Condos is a Delaware corporation.[12] Greenbrier Condos owns Greenbrier Village Apartments ("Greenbrier Village"), which is a residential community consisting of apartments available for lease.[13] Greenbrier Village is located at 101 Brier Avenue, Wilmington, DE 19801.[14]

DPM is a Delaware corporation.[15] DPM is a property management company located in Newark, Delaware.[16] During all relevant times, DPM was the property management company

---

[8] Am. Compl. ¶ 1.
[9] *Id.* ¶ 9.
[10] *Id.* ¶ 35.
[11] *Id.* ¶ 10.
[12] *Id.* ¶ 3.
[13] *Id.* ¶ 4.
[14] *Id.*
[15] *Id.* ¶ 5.
[16] *Id.* ¶ 6.

for Greenbrier Village.[17]

## B. RELEVANT FACTS

The facts concerning Ms. Millar's attempts to rent an apartment at Greenbrier Village[18] are not relevant to the legal issues raised in the Motion. The Amended Complaint lays out facts that, if taken as true, could constitute valid claims against the Defendants.[19]

On May 12, 2023, the Division issued written findings (the "Written Findings") that reasonable cause existed to conclude that Defendants violated Section 4603(b)(3) and Section 4603(b)(2).[20] The Division also found that Defendants violated federal law, specifically 42 U.S.C. § 3604(c) and 42 U.S.C. § 3604(b).[21] The director of the Division (the "Director") concluded that no reasonable cause existed as to three other violations under the DFHA— Section 4603A(a)(2), Section 4618 and 4603(b)(1)—and the federal Fair Housing Act—42 U.S.C. §§ 3604(f)(3)(B), 3617 and 3604(f)(1).[22] The Written Findings also provide the following:

> Notwithstanding this determination by the Division, the [DFHA] provides that [Ms. Millar] may file a civil action in an appropriate federal district court or state court within two years after the occurrence of termination of the alleged discriminatory housing practice.[23]

On May 23, 2023, the Director informed Defendants that the Division had issued a charge (the "Charge"), under Section 4610(f), that Defendants had violated the federal Fair Housing Act and the DFHA.[24] The Division apprised the parties of their right to have the claims

---

[17] *Id.* ¶ 7.
[18] *Id.* ¶¶ 10-49.
[19] *Id.* ¶¶ 41-50.
[20] Mot., Ex. A ("Written Findings").
[21] *Id.*
[22] *Id.*
[23] *Id.* at 11.
[24] *Id.*, Ex. B.

asserted in the Charge decided in this Court or through an administrative hearing.[25]  On June 1, 2023, the Director issued a charge against Defendants alleging two violations of the DFHA— Section 4603(b)(3) and Section 4603(b)(2).[26]

On July 6, 2023, the Director sent a letter to the Delaware Department of Justice (the "DOJ").[27]  The Director informed the DOJ that the "parties have elected to have this case 'heard/decided through a Civil Action' pursuant to 6 Del. C. § 4610(g)."[28]  The Director authorized referral of the matter to the DOJ.[29]

The Commission, through the DOJ, initiated this civil action on February 14, 2024.[30]

### III.    STANDARD OF REVIEW

Upon a motion to dismiss, the Court (1) accepts all well-pled factual allegations as true, (2) accepts even vague allegations as well-pled if they give the opposing party notice of the claim, (3) draws all reasonable inferences in favor of the non-moving party, and (4) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[31]  However, the court must "ignore conclusory allegations that lack specific supporting factual allegations."[32]

### IV.    DISCUSSION

Here, the Division, under Section 4610, issued the Charge that included two violations of DFHA; however, the Commission is proceeding on only one of those violations, Count II, and

---

[25] *Id*. ("Under 6 Del. C. 4612(a), a Complainant, a Respondent, or an aggrieved party on whose behalf the Complaint was filed may elect to have the claims asserted in the Charge decided in a civil action in court or an administrative hearing….").

[26] Mot., Ex. C ("Charge").

[27] Mot., Ex. D.

[28] *Id*.

[29] *Id*.

[30] Complaint (D.I. No. 1).

[31] See *Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 227 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Academy*, 2010 WL 5825353, at *3 (Del. Super. Oct. 27, 2010).

[32] *Ramunno v. Crawley*, 705 A.2d 1029, 1034 (Del. 1998).

added two claims, Counts I and III, for violations of the DFHA not included in paragraphs 9 and 10 of the Charge. Defendants argue that Counts I and III of the Amended Complaint should be dismissed because Section 4612(a) permits the Commission to pursue a civil action only on the charges set out in paragraphs 9 and 10 of the Charge. The Commissioner contends the Complaint does not need to be limited to the violations listed in the Charge. The Commissioner maintains that the claims is the Amended Complaint need only arise out of the same operative facts presented in the Charge.

The decision here involves an interaction between Section 4610(f) and 4612(a) and (n). Also pertinent to the analysis are Sections 4601(a) and (b).

Section 4610(f), as relevant here, provides:

(f) *Reasonable cause determination and effect.* — (1) The Division shall, within 100 days after the filing of the complaint, determine, based on the facts, whether reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur, unless it is impracticable to do so, or unless the Division has approved a conciliation agreement with respect to the complaint. If the Division is unable to make the determination within 100 days after the filing of the complaint the Division shall notify the complainant and respondent in writing of the reasons for not doing so.

(2) a. If the Division determines that reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur, the Division shall … immediately issue a charge on behalf of the aggrieved person, for further proceedings under § 4612 of this title.

b. Such charge:

1. Shall consist of a short and plain statement of the facts upon which the Division has found reasonable cause to believe that a discriminatory housing practice has occurred or is about to occur;

2. Shall be based on the final investigative report; and

3. Need not be limited to the facts or grounds alleged in the complaint filed under § 4610(a) of this title.

…

6

(3) If the Division determines that no reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur, the Division shall promptly dismiss the complaint. The Division shall make public disclosure of each such dismissal.[33]

Section 4612 relates to enforcement of claims under the DFHA. Section 4612(a) provides for an elections as to the forum—either a hearing before the Division or a civil action in the Court:

(a) *Election of judicial determination. —* When a charge is issued under § 4610 of this section, a complainant, a respondent or an aggrieved person on whose behalf the complaint was filed, may elect to have the claims asserted in that charge decided in a civil action under subsection (n) of this section in lieu of a hearing under subsection (b) of this section. The election must be made not later than 20 days after the receipt by the electing person of service under § 4610(g) of this title or, in the case of the Division, not later than 20 days after such service. The person making such election shall give notice of doing so to the Division and to all other parties to the proceeding to whom the charge relates.

In this case, the parties elected to have the claims asserted in the Charge determined in a civil action under Section 4612(n). Section 4612(n)(1) and (2) states:

(n) *Civil action for enforcement when election is made for such civil action. —* (1) If an election is made under subsection (a) of this section, the Commission shall authorize a civil action on behalf of the aggrieved person or persons in the county in which the discriminatory practice is alleged to have occurred. The Commission shall immediately refer the matter to the Attorney General for appropriate action.

(2) Not later than 30 days after the Commission's referral, the Attorney General, in the absence of any conflict of duty, shall pursue a civil action on behalf of the Commission in the name of the aggrieved person or persons.[34]

The General Assembly provided guidance as to the purpose and construction of the DFHA. Section 4601 is titled "Declaration and purpose and construction" and provides:

(a) *Purpose. —* This chapter is intended to eliminate, as to housing offered to the public for sale, rent or exchange, discrimination based upon race, color, national origin, religion, creed, sex, marital status, familial status, source of income, age, sexual orientation, disability, or housing status and to provide an administrative procedure through which

---

[33] 6 Del. C. § 4610(f).
[34] 6 Del. C. § 4612(n)(1)-(2).

disputes concerning the same may effectively and expeditiously be resolved with fairness and due process for all parties concerned.

(b) *Construction.* — This chapter shall be liberally construed to the end that its purposes may be accomplished and all persons may fully enjoy equal rights and access to housing for themselves and their families. Furthermore, in defining the scope or extent of any duty imposed by this chapter, including the duty of reasonable accommodation, higher or more comprehensive obligations established by otherwise applicable federal, state or local enactments may be considered.[35]

The Court believes both the Commission and Defendants make strong arguments on the issue before the Court. Defendant takes a narrow approach and claims that the Commission can only seek judicial adjudication of those claims in the Charge that the Division found to be supported by reasonable cause in the Written Findings. The Commission takes a broad approach, contending that the Commission can bring any claims that arise out of the facts set out in the Charge. Arguably, the DFHA could be read in a way that supports either position.

After reviewing the DFHA, the Court adopts an approach that allows the Commission or, if applicable, the aggrieved party to bring claims asserted in the original complaint and addressed in the charge even if the Division determines that not all claims are supported by reasonable cause. This approach is supported by the language of the DFHA and more readily accomplishes the purpose of the DFHA set out in Section 4601(a).

First, Section 4610(f) does not expressly address the issue of individual claims. Instead, Section 4610(f)(1) addresses the situation where the Division found reasonable cause on whether a "discriminatory housing practice has occurred or is about to occur."[36] If the Division determines that such a practice has occurred, the Division is to issue a charge under Section 4610(f)(2)(a) that must comply with Section 4610(f)(2)(b).[37] If the Division determines that "no

---

[35] 6 Del. C. § 4601(a)-(b).
[36] 6 Del. C. § 4610(f)(1).
[37] 6 Del. C. § 4612(f)(2(a) and (f)(2)(b).

reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur, the Division shall promptly dismiss the complaint."[38]

Second, Section 4612(a) speaks in general terms as to "claims." Section 4612(a) provides that "a complainant, a respondent or an aggrieved person…may elect to have the claims asserted in the charge decided in a civil action" in the Court.[39] Section 4212(a) does not expressly limit "claims" as to only those claims supported by reasonable cause. The use of the term "claims" is more general or broad than just claims found in the Charge to be supported by reasonable cause.

Third, Section 4612(n)(1) states that the Commission shall authorize a civil action on behalf of the aggrieved person or persons in the county in which the discriminatory practice is alleged to have occurred.[40] Section 4612(n)(1) uses broad language and does not expressly limit the civil action to the Charge or to only those claims found to be supported by reasonable cause.

The Court's conclusion is supported by the May 23, 2023 letter issued by the Director. The Director notifies the parties that the Division has issued a charge on behalf of Ms. Millar "alleging" violations of a laundry list of DFHA and the federal Fair Housing Act.[41] No reference is made to "reasonable cause" as to any of those claims. Moreover, the Director talks about claims "asserted" in the Charge in the next paragraph being subject to a civil action in the Court.[42] The Director, again, makes no reference to "claims supported by reasonable cause." The only mention of reasonable cause is in the first sentence:

---

[38] 6 Del. C. § 4612(f)(3).
[39] 6 Del. C. § 4612(a).
[40] 6 Del. C. § 4612(n)(1).
[41] Mot., Ex. B.
[42] *Id.*

9

The investigation of the above-referenced case has provided evidence to substantiate reasonable cause to believe an unlawful discriminatory housing practice did occur.[43]

This sentence does not tie the reasonable cause finding to a particular section of the DFHA or claim originally asserted by Ms. Millar.

The Division addresses all the claims in the Written Findings. The Division attempts to "conciliate" the matter. When that fails, the Division issues the Charge. The Division does not dismiss Ms. Millar's complaint. The Director puts the parties on notice of next steps including the step where any party can choose to have the claims litigated in the Court. With this in place, the Commission filed the Complaint here using the facts addressed in the Written Findings and the Charge. Accordingly, the Court finds that the Commission had the ability to seek remedies on additional claims beyond those found in the Charge to be supported by reasonable cause.

## V.    CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion as to Counts I and III.

**IT IS SO ORDERED.**

Dated: December 10, 2024
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:  File&ServeXpress

---

[43] *Id.*

10